[No. 20473.   Department One.   September 1, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN
McCORMICK, *Appellant*.[1]

[1] LARCENY (25) — EVIDENCE — SUFFICIENCY.   A conviction of lar-
ceny is sustained by evidence that the stolen goods were seen
in the accused's possession on the following day, that he stated
they were stolen, and sold part of them.

[2] CRIMINAL LAW (109) — WITNESSES (105) — FORMER CONVICTION
TO AFFECT CREDIBILITY.   A former conviction of the accused,
testifying as a witness, may be shown to affect his credibility,
whether the offenses were similar or not.

[3] CRIMINAL LAW (217) — TRIAL — REMARKS OF JUDGE — COMMENT IN
RULINGS.   It is not an unlawful comment on the evidence for
the court to give counsel his reasons for rulings on the testi-
mony, repeating in part the testimony given.

Appeal from a judgment of the superior court for
Pierce county, Remann, J., entered June 4, 1926, upon
a trial and conviction of larceny.   Affirmed.

*John O'Brien* and *Frank S. Carroll*, for appellant.
*John A. Sorley*, for respondent.

FULLERTON, J.—By an information filed in the super-
ior court of Pierce county, the appellant, John McCor-
mick, was charged with the crime of grand larceny.
On a trial by jury, he was convicted of the charge, and
appeals from the judgment and sentence pronounced
against him.

The state's evidence tended to show that the home
of one Henrietta Winderlund was entered during her
absence therefrom, and a percolator, two unfinished
fur garments, and a quantity of silk stolen from the
home.   The fur garments were seen in the possession
of the appellant on the day following their theft, and
later on he was seen with the stolen goods at another

[1]Reported in 259 Pac. 29.

place where he had hidden them.  At this time, he admitted to one of the state's witnesses that they were stolen goods, telling him to leave them where they were until a fellow came after them.  A short time thereafter, he took the percolator from its hiding place and sold it to another of the state's witnesses.

The appellant denied stealing the property or participating in its theft.  With reference to the percolator, he testified that he sold it as an accommodation to a friend, who gave him a part of the purchase price for his trouble.

[1]  The appellant makes four assignments of error, the first of which is that the evidence is insufficient to sustain the verdict.  He seems not to question its sufficiency to show his guilt, if credence is given to it, but contends that the "whole testimony is a frame up from start to finish."  The evidence, however, was on its face ample to show the appellant's guilt.  Whether it was worthy of credence was for the jury and the trial court.  Since they deemed it so worthy, the question is concluded.  We cannot say that it is so far beyond the realm of probability as to be the equivalent of no evidence.

[2]  The second objection is that the court permitted the state to question the appellant concerning a former conviction of crime; the more particular objection being that the crime shown was not a similar crime to that for which he was upon trial.  But this does not render the testimony objectionable.  By the statute, the state may show a former conviction of crime to affect the credibility of a defendant as a witness, and under the rule, a conviction of any crime may be shown.  It is not necessary that it be similar to the one upon which the defendant is on trial.

[3]  In passing upon an objection made to a question propounded the appellant on his cross-examina-

tion by the state, the court repeated, in part, the substance of the appellant's earlier testimony. It is objected that this is a comment upon the evidence. But we cannot so conclude. The statement made was addressed to counsel, not the jury, and no opinion was expressed as to the weight or credence of the evidence. The court was but giving to counsel his reason for overruling his objection, and in no sense can it be said to be a comment within the constitutional inhibition.

The other objection urged is not specially argued in the briefs. We have, nevertheless, examined the part of the record pointed out as supporting the objection, but find nothing on which error can be predicated.

Judgment is affirmed.

MACKINTOSH, C. J., MITCHELL, FRENCH, and MAIN, JJ., concur.